THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS
Eastern District

THOMAS ANNINO, MARTIN BAKER,
ROBERT BAKER, STEPHEN BEGLEY,
MICHAEL BENEDETTI, DAVID BENTON,
PAUL BISHOP, PETER BORRONI,
CLIFFORD BROWN, DAVID BROWN,
BRIAN COLE, TERRENCE CONNOLLY,
ANTHONY COPPONI, MARIO COSTA,
PETER CURRAN, PHILIP DEVINE,
ROBERT DOUCETTE, DAVID EYSIE,
EDWARD J. FARIOLI, EDWARD A. FARIOLI,
JOSEPH FERNANDES, JOSEPH FLAHERTY,
WILLIAM FUNDORA, GREGORY GAMEL,
RICHARD GIACOPPO, JOHN GOVER,
KEVIN GRASSO, CHARLES HAINLEY,
ROBERT HARKINS, JAMES KEADY,
DANIEL KEHOE, WILLIAM KELLEHER,
PETER KELLY, CHARLES KING,
ELAINE KOUGIAS, PAUL LEEAR,
JAMES MAHONEY, MICHAEL MARTIN,
RAYMOND McCUE, KEVIN MCDONOUGH,
PHILP McENANY, JOSEPH MICHIENZIE,
DAVID MILLIGAN, BRIAN MURPHY,
MAUREEN MURPHY, NEIL MURPHY,
PAUL MURPHY, WILLIAM MURPHY,
THOMAS O'TOOLE, CHRISTOPHER PADDEN,
DAVID PAPARGIRIS, JAMES PAYNE,
JAMES PEPIN, DEAN RAYMOND,
PAUL RINN, PAUL RYAN,
THOMAS STAPLETON, MILTON VEGA,
RICHARD WALL, and WILLIAM WALL,
Plaintiffs

v.

TOWN OF NORWOOD, MASSACHUSETTS

Serve: John Carrol, Town Manager
Norwood Town Hall
137 Nahatan Street
Norwood, MA 02062

Defendant

DOCKETED

RECEIPT # 43656
AMOUNT $156.00
SUMMONS ISSUED Y
LOCAL RULE 4.1 /
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. CMG
DATE 12-6-02

02-12350 MLW

Civil Action No.

**COMPLAINT**

1. This action is brought by sixty (60) current and former patrol officers of the Norwood Police Department who are members of the Norwood Police Patrolmen's Union IBPO Local 395 ("NPPA").

2. Plaintiffs bring this action for a declaratory judgment, overtime pay, liquidated damages and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA").

3. Defendants' willful violations of the FLSA include unlawfully using compensatory time without complying with 29 U.S.C. §207(o) and failure to properly compensate said plaintiffs as prescribed under the act.

**JURISDICTION**

4. Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

5. Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

6. This Court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

**THE PARTIES**

7. Each of the Plaintiffs and similarly situated members of the IBPO Local 395 is an employee, within the meaning of the FLSA §203(e), of the Town of Norwood and its Police Department. Each Plaintiff has consented to become a member of this action pursuant to 29 U.S.C. §216(b). See attachments.

8. The Defendant, the Town of Norwood, Massachusetts, is an employer within the meaning of 29 U.S.C. §203(d) and is the official governmental authority responsible for the organization, provision, management and operation of law enforcement within its jurisdiction.

9. The Defendant, the Town of Norwood and the Norwood Police Department, is an employer within the meaning of 29 U.S.C. §203(d) and is an official department and agency of the Town of Norwood government authorized and established to provide the Town's law enforcement.

**FACTUAL BACKGROUND**

10. In February 1985, the United States Supreme Court held that the FLSA could constitutionally be applied to state and local employees. Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528 (1985), rev'g. National League of Cities v. Usery, 426 U.S. 833 (1976). On November 13, 1985, the FLSA Amendments of 1985 (Public Law 99-150) was enacted. The FLSA Amendments of the 1985 adjusted the provisions of the Act specifically to the concerns of public employees. The effective date for FLSA coverage for Plaintiffs was April 15, 1986.

11. Defendants do not have in place a proper compensatory time agreement under 29 U.S.C. §207(o).

12. Plaintiffs have accrued compensatory time in lieu of overtime compensation.

13. Defendants deny Plaintiffs the opportunity to use the accrued compensatory time even though such use would not create an undue disruption.

14. The Town operated on a seven-day schedule for purposes the Act.

15. Officers who worked in excess of 43 hours in a workweek have not been compensated pursuant to 29 U.S.C. §207(k).

16. Each of the proceeding paragraphs are incorporated herein as if reallged.

15. Defendants have violated and continue to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs and other similarly situated employees all overtime compensation due them under the FLSA and its implementing

regulations, specifically by failing and refusing to provide compensatory time as authorized by 29 U.S.C. §207(o).

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A. Enter a declaratory judgment that Defendants have willfully and wrongfully violated their obligations and deprived Plaintiffs of their entitlement under the law, as alleged herein;

B. Order Defendants, under the supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA overtime and/or compensatory time due to each Plaintiff for hours worked since April 1, 1998;

C. Enter a judgment under FLSA Section 216 against Defendants for all sums found due to each Plaintiff;

D. Award each Plaintiff monetary liquidated damages plus interest;

E. Award Plaintiffs their reasonable attorneys' fees and costs of this action to be paid by Defendants; and

F. Grant such other relief as may be just and proper.

Respectfully submitted,

Michael Williams

Michael E. Williams
International Brotherhood
of Police Officers
159 Burgin Parkway
Quincy, MA 02169
(617) 376-0220

Dated: November 25, 2002

JS 44 (Rev. 11/95)



# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

THOMAS ANNINO, MARTIN BAKER, ET AL

**DEFENDANTS**

TOWN OF NORWOOD and NORWOOD POLICE DEPARTMENT

02-12350MLW

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Norfolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael E. Williams
NAGE/IBPO
159 Burgin Parkway
Quincy, MA 02169 (617)376-0220

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN *(PLACE AN "X" IN ONE BOX ONLY)*

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT *(PLACE AN "X" IN ONE BOX ONLY)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
X 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of 29 U.S.C. Section 207(o), 29 U.S.C. Section 207(k). Defendant has not properly compensated plaintiffs for overtime hours accrued under FLSA and denied officers use of compensatory time.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE ______ DOCKET NUMBER ______

DATE 12-5-2002

SIGNATURE OF ATTORNEY OF RECORD Michael Williams

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

02-12350MLW

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) ____________________

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

X II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

____________________

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

YES ☐ NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

YES ☐ NO ☒

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

YES ☐ NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

YES ☐ NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

YES ☒ NO ☐

A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

EASTERN DIVISION ☒ CENTRAL DIVISION ☐ WESTERN DIVISION ☐

B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

EASTERN DIVISION ☐ CENTRAL DIVISION ☐ WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Michael E. Williams

ADDRESS ____________________

TELEPHONE NO. ____________________

(Cover sheet local.wpd - 11/27/00)